19SL-CC01967

Electronically Filed - St Louis County - May 14, 2019 - 04:28 PM

IN THE CIRCUIT COURT FOR THE COUNTY OF ST. LOUIS, MISSOURI
TWENTY-FIRST JUDICAL CIRCUIT

| | |
|---|---|
| STEVEN GOLDSMITH, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | |
| LEE ENTERPRISES, INC. ) ) | |
| Serve: Registered Agent ) Corporation Service Company ) 505 5th Avenue ) Des Moines, IA 50309 ) ) | |
| LEE ENTERPRISES MISSOURI, INC. ) ) | |
| Serve: Registered Agent ) CSC-Lawyers Incorporating Service ) Company ) 221 Bolivar ) Jefferson City, MO 65101 ) ) | Cause No.<br><br>JURY TRIAL DEMANDED |
| ST. LOUIS POST-DISPATCH LLC ) ) | |
| Serve: Registered Agent ) CSC-Lawyers Incorporating Service ) Company ) 221 Bolivar ) Jefferson City, MO 65101 ) ) | |
| PULITZER INC., d/b/a St. Louis ) Post-Dispatch ) ) | |
| Serve: Registered Agent ) CSC-Lawyers Incorporating Service ) Company ) 221 Bolivar ) Jefferson City, MO 65101 ) ) | |
| Defendants. ) | |

**PLAINTIFF'S CLASS ACTION PETITION**

# **TABLE OF CONTENTS**

Page

INTRODUCTION ................................................................................................................. 1

THE PARTIES ...................................................................................................................... 1

    Plaintiff ...................................................................................................................... 1

    Defendants ................................................................................................................. 2

JURISDICTION AND VENUE ........................................................................................... 2

FACTUAL ALLEGATIONS REGARDING DEFENDANTS' LIABILITY ................. 3

CLASS ACTION ALLEGATIONS ..................................................................................... 6

COUNT I: BREACH OF CONTRACT .............................................................................. 9

COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING ............................................................................................................................. 9

COUNT III: UNJUST ENRICHMENT ............................................................................ 10

COUNT IV: MONEY HAD AND RECEIVED ................................................................ 11

COUNT V: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES .. 12

COUNT VI: VIOLATION OF THE MMPA BY MEANS OF DECEPTION ............... 15

JURY DEMAND ................................................................................................................. 17

PLAINTIFF STEVEN GOLDSMITH ("Plaintiff"), on behalf of himself and all others similarly situated, files this petition against Defendants Lee Enterprises, Inc.; Lee Enterprises Missouri, Inc.; St. Louis Post-Dispatch LLC; and Pulitzer Inc., d/b/a St. Louis Post-Dispatch (collectively "Defendants") as follows based on personal knowledge as to his own actions and on information and belief, based on the investigation of counsel, as to Defendants' conduct and practices.

## INTRODUCTION

1. Plaintiff brings this class action individually and on behalf of a Class of similarly situated individuals (referred to collectively as "Class Members") who subscribe or subscribed to the *St. Louis Post-Dispatch* and were "double-billed" for certain days based on Defendants' acts or practice of including the same (or "overlapping") days in consecutive or separate bills or charges that they propounded.

2. Defendants' actions as alleged herein violate the Missouri Merchandising Practices Act ("MMPA"), § 407.010 *et seq*, by means of unfair practices and deception, the equitable doctrines of unjust enrichment and money had and received, breach their contracts with Plaintiff and Class Members, and breach the implied covenant of good faith and fair dealing.

## THE PARTIES

### Plaintiff

3. Plaintiff Steven Goldsmith is a resident of St. Louis County and a citizen of the State of Missouri. During the relevant class period, beginning five years before the filing of this Petition, he had a subscription to the *St. Louis Post-Dispatch* for personal, family, or household purposes, and was billed for overlapping days in consecutive or separate bills.

**Defendants**

4. Defendant Lee Enterprises, Inc. is a Delaware corporation, with its principal place of business at 201 N. Harrison Street, Suite 600, Davenport, Iowa 52801. Its registered agent in Iowa is Corporation Service Company, 505 5th Avenue, Des Moines, IA 50309. According to its filings with the Missouri Secretary of State's website, the name it uses in Missouri is Lee Enterprises Missouri, Incorporated. The registered agent for Lee Enterprises Missouri, Inc. is CSC-Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, MO 65101.

5. Defendant Lee Enterprises, Inc. purchased and currently owns Defendant Pulitzer Inc., a Delaware corporation that does business in Missouri as the St. Louis Post-Dispatch. The address for Defendant Pulitzer Inc. listed on the Missouri Secretary of State's website is 201 N. Harrison St., Ste 600, Davenport, IA 52801. The registered agent for Defendant Pulitzer Inc. is CSC-Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, MO 65101. On the Missouri Secretary of State's website, the St. Louis Post-Dispatch is registered as a fictitious name, with Pulitzer Inc. listed as its owner. Defendant Lee Enterprises, Inc. therefore owns the *St. Louis Post-Dispatch*.

6. Defendant St. Louis Post-Dispatch LLC is a Delaware limited liability company and is registered in the State of Missouri. Its registered agent in Missouri is CSC-Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, MO 65101. On information and belief, Defendant St. Louis Post-Dispatch LLC publishes the *St. Louis Post-Dispatch* and is owned by Lee Enterprises, Inc.

**JURISDICTION AND VENUE**

7. The Circuit Court of St. Louis County has subject matter jurisdiction over this action and personal jurisdiction over Defendants because the actions complained of regarding Plaintiff's injuries took place in St. Louis County. Mo Rev. Stat. § 407.025.1.

8.  Venue is proper in the Circuit Court of St. Louis County because the cause of action arose in St. Louis County. V.A.M.S. 407.025.1.

9.  This is a class action filed under Mo Rev. Stat. § 407.025.3(6) and Missouri Supreme Court Rule of Civil Procedure 52.08(b)(2) with respect to the claim for injunctive relief and pursuant to Mo. Rev. Stat. § 407.025.3(7) and Rule 52.08(b)(3) with respect to the claim for actual damages.

## FACTUAL ALLEGATIONS REGARDING DEFENDANTS' LIABILITY

10. The *St. Louis Post-Dispatch* is a daily newspaper serving the greater St. Louis metropolitan area.

11. Defendants sell the *St. Louis Post-Dispatch* through a delivery service, under which the newspaper is delivered to the subscriber's address.

12. Defendants bill or charge subscribers to the *St. Louis Post-Dispatch* for their subscription based on "terms" (or date ranges) that cover specified beginning and end dates. Thus, a specified amount of money is shown as due in a bill to the subscriber, or if the subscriber has authorized direct charges to their credit card, is charged to the subscriber, for each such term.

13. For more than five years, Plaintiff has been a subscriber to the *St. Louis Post-Dispatch*. The bills that Plaintiff received from Defendants specify the date of the bill, the term for the bill, and the amount of money that is due for that term.

14. While the term for one bill should begin on the day following the last day of the previous term, on many occasions the dates in a term for which Plaintiff has been billed include days that were a part of the term for Plaintiff's previous bill, and for which Plaintiff had already paid. This means that Plaintiff has been "double-billed" for overlapping days that are improperly included in two separate bills. Nothing in the bills that Plaintiff receives mentions an overlap in

3

the dates that make up a term, and the bills do not refer to any other source regarding what the amount or term in the bill represents.

15. Plaintiff first noticed that he was being "double-billed" by Defendants approximately three or four years prior to the filing of this Petition, and has complained to the *St. Louis Post-Dispatch* about this issue on numerous occasions. Plaintiff has been credited for days for which he has been "double-billed" after complaining about the particular bill at issue, which establishes that Plaintiff is in fact being "double-billed" by Defendants. But despite their knowledge of their "double-billing" practice, Defendants have continued to engage in this practice. Thus, not only are Defendants "double-billing" Plaintiff for his subscription, but they are doing so knowingly and deliberately.

16. The following bills that Plaintiff received provide examples of how Plaintiff is being billed for overlapping days.

17. Plaintiff received a bill dated August 16, 2018 that specified it was for the 55-day term of July 22, 2018 through September 15, 2018. That bill (as do the subsequently referenced bills) states that a check should be made payable to St. Louis Post-Dispatch.[1] Plaintiff paid this bill by check.

18. Plaintiff's next bill that he received and paid was dated September 14, 2018, and was for the 55-day term of September 15, 2018 through November 9, 2018.[2]

19. As seen by the dates set forth above, the bill dated August 16, 2018 included September 15, 2018 in its term, which was also included in the term for the bill dated September 14, 2018. The effect of including this day in the terms for both bills is that Plaintiff was "double-

---

[1] See Exhibit A, records of Plaintiff's bills.
[2] With respect to this and certain other bills, Defendants agreed to a renegotiated amount having nothing to do with the days included in the term for the bill.

4

billed" for this overlapping day. Plaintiff paid for September 15, 2018 as part of his August 16, 2018 bill and payment, but then he was billed and paid for this day again through his September 14, 2018 bill.

20.     The next bill that Plaintiff received and paid was dated October 21, 2018; its term of 55 days covered October 31, 2018 through December 25, 2018, even though the period of October 31, 2018 through November 9, 2018 had been included in the term for his September 14, 2018 bill. Plaintiff called the *St. Louis Post-Dispatch* following his October 21, 2018 bill to inform it of this overlap, and as a result of his call, Plaintiff was given a credit for these days because he had already paid for them pursuant to his September 14, 2018 bill.

21.     Plaintiff's next bill that he received and paid was dated December 12, 2018, and was for the 55-day term of December 22, 2018 through February 15, 2019. Because Plaintiff's prior bill had been for a term lasting through December 25, 2018, this bill contained the overlapping dates of December 22, 2018 through December 25, 2018. Thus, Plaintiff was again "double-billed" even though he had reported this issue in connection with his previous bill and many prior bills.

22.     Plaintiff's experience is not unique. On information and belief, many other subscribers to the *St. Louis Post-Dispatch* have been billed or charged for overlapping days in consecutive or separate bills or charges.

23.     For example, another subscriber, referred to herein as Non-Party Subscriber No. 1, was "double-billed" in 2018 on multiple occasions. That subscriber received a bill dated July 7, 2018 for the term of July 17, 2018 through September 10, 2018. The next bill that Non-Party Subscriber No. 1 received was dated August 26, 2018, and was for the term of September 5,

5

2018 through October 30, 2018. The August 26, 2018 bill therefore included the overlapping dates of September 5, 2018 through September 10, 2018.

24. Non-Party Subscriber No. 1 also received a bill dated March 23, 2018 that was for the term of April 2, 2018 through May 27, 2018. Their next bill was dated May 15, 2018, and was for the term of May 22, 2018 through July 16, 2018, and thus included the overlapping dates of May 22, 2018 through May 27, 2018.

25. Non-Party Subscriber No. 2 is another subscriber who was "double-billed" for overlapping days in separate bills. They received a bill dated October 25, 2018 for the term of November 4, 2018 through December 29, 2018. The next bill that they received was dated December 18, 2018, and was for the term of December 25, 2018 through February 18, 2019. As shown by these dates, Non-Party Subscriber No. 2 was billed for December 25, 2018 through December 29, 2018 under both bills.

26. Non-Party Subscriber No. 2 was also "double-billed" in their next bill, dated February 8, 2019. That bill was for the term of February 18, 2019 through April 14, 2019, even though February 18, 2019 was already included in their December 18, 2018 bill.

## CLASS ACTION ALLEGATIONS

27. **The Class.** Plaintiff brings this action on his own behalf and as a class action on behalf of all subscribers to the *St. Louis Post-Dispatch* who have been and will be harmed by Defendants' actions described herein ("the Class"), as well as a Subclass of Members in Missouri who purchased their subscriptions for personal, family, or household purposes ("MMPA Subclass").

28. Specifically, Plaintiff seeks to represent the following Class:

> All subscribers to the *St. Louis Post-Dispatch* who, within the applicable period of limitations preceding the filing of this lawsuit to the date of class certification,

were billed or charged for the same day or days through consecutive or separate bills or charges.

("Class").

All Class Members within the State of Missouri who had or purchased a subscription to the *St. Louis Post-Dispatch* for personal, family, or household purposes.

("MMPA Subclass").

Excluded from the Class are officers, directors and employees of Defendants, counsel and members of the immediate families of counsel for Plaintiff herein, and the judge presiding over this action and any member of the judge's immediate family.

29. This action is properly maintainable as a class action under Missouri Supreme Court Rule 52.08.

30. Plaintiff reserves the right to re-define the Class prior to class certification.

31. **Numerosity.** The members of the proposed Class are so numerous that joinder of all members is impracticable. The precise number of Class Members is unknown at this time, as such information is in the exclusive control of Defendants.

32. **Common Questions of Law and Fact and Predominance.** Numerous questions of law and fact are common to Plaintiff and the Class Members, and predominate over any individual questions. Such common legal and factual questions include, but are not limited to:

   a. Whether Defendants have billed or charged subscribers for overlapping days in consecutive or separate bills or charges;

   b. What process or system Defendants use to determine the dates in a term for which a subscriber is billed or charged;

   c. Whether as a result of including overlapping days in consecutive or separate bills or charges Defendants have received excessive amounts of money from their subscribers;

   d. Whether Defendants' actions described herein constitute unjust enrichment,

  breach of contract, breach of the implied covenant of good faith and fair dealing, and/or are unfair or deceptive under the MMPA;

  e. Whether Plaintiff and the Class are entitled to compensatory and statutory damages and the amount of such damages based on Defendants' acts or practice of including overlapping days in consecutive or separate bills or charges.

  33. **Typicality.** Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and all Class Members have suffered damages as a result of Defendants' unfair and deceptive acts or practice of including overlapping days in consecutive or separate bills or charges.

  34. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and consumer class actions.

  35. Plaintiff and counsel are committed to prosecuting this action vigorously on behalf of the Class, and do not have any interests that are contrary to or in conflict with those of the Class they seek to represent.

  36. **Superiority.** A class action is superior to all other available methods for fair and efficient adjudication of this controversy. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

  37. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications concerning the subject of this action.

  38. Absent a class action, the vast majority of Class Members likely would not be in a position to litigate their claims individually and would have no effective remedy at law through which to vindicate their claims against Defendants and be made whole.

  39. Class treatment will conserve the resources of the courts and the litigants, and further efficient adjudication of Class Member claims.

Electronically Filed - St Louis County - May 14, 2019 - 04:28 PM

### COUNT I: BREACH OF CONTRACT
(Plaintiff and the Class)

40. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

41. Plaintiff and Class Members entered into contracts with Defendants for subscriptions to the *St. Louis Post-Dispatch* pursuant to which Defendants billed or charged Plaintiff and Class Members for their subscriptions for certain terms, and Plaintiff and Class Members agreed to pay the bills or charges for their subscriptions associated with such terms.

42. Plaintiff and Class Members performed by paying the bills or charges for their subscriptions.

43. Defendants breached the contracts with Plaintiff and Class Members for their subscriptions by billing or charging them for overlapping days in consecutive or separate bills or charges. In other words, the parties' agreements for the subscriptions required payment of amounts set forth in specific bills or charges that covered a particular term, but Defendants breached the agreements when they propounded subsequent bills or charges that required additional payment for days for which Plaintiff and Class Members had already paid.

44. Plaintiff and Class Members thereby suffered damages as a result of being "double-billed" for overlapping days.

45. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING
(Plaintiff and the Class)

46. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

47. By "double-billing" Plaintiff and Class Members for overlapping days in consecutive or separate bills or charges, Defendants breached the implied covenant of good faith and fair dealing that is present in every contract.

48. Through such acts of "double-billing" Defendants acted, or exercised a judgment conferred by the express terms of the agreements, in such a manner as to evade the spirit of the transactions and to deny Plaintiff and Class Members the expected benefits of their agreements.

49. Specifically, by including overlapping days in consecutive or separate bills or charges Defendants acted to deny Plaintiff and Class Members the expected benefit of their agreements, in that the overlapping days included in each subsequent bill or charge were for days that were already included and paid for as part of the agreement for Plaintiff and Class Members' prior bill or charge.

50. No provision in the agreements between the parties allowed Defendants to include overlapping days in consecutive or separate bills or charges.

51. Plaintiff and Class Members have been damaged as a result of being "double-billed" for overlapping days.

52. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT III: UNJUST ENRICHMENT
### (Plaintiff and the Class)

53. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

54. Substantial benefits have been conferred upon Defendants from Plaintiff and Class Members by Plaintiff and Class Members paying for certain days of their subscriptions twice in full in connection with their payments for consecutive or separate bills or charges. In

other words, Plaintiff and Class Members were "double-billed" for and made two full payments for certain days of their subscriptions, and Defendants have knowingly and willingly accepted and enjoyed such benefits.

55. Defendants either knew or should have known that they were "double-billing" their subscribers by including overlapping days in consecutive or separate bills or charges and that they were therefore accepting money from subscribers for days that the subscribers had already paid for in full. For Defendants to retain the benefit of these double payments under these circumstances is inequitable.

56. Defendants' acceptance and retention of these benefits under the circumstances make it inequitable for Defendants to retain these benefits without payment of the value to Plaintiff and the Class.

57. Plaintiff and the Class are entitled to recover from Defendants all amounts wrongfully collected and improperly retained by Defendants based on their practice of "double-billing" subscribers.

58. As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, and in the alternative to the claim for breach of contract, Plaintiff and the Class are entitled to restitution from, and institution of, a constructive trust disgorging all profits, benefits, and other compensation obtained by Defendants, plus attorneys' fees, costs, and interest thereon.

59. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

### COUNT IV: MONEY HAD AND RECEIVED
### (Plaintiff and the Class)

60. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

Electronically Filed - St Louis County - May 14, 2019 - 04:28 PM

61. Defendants have received money from Plaintiff and the Class for selling subscriptions to the *St. Louis Post-Dispatch*, which includes money that they received as a result of their acts or practice of billing or charging subscribers for overlapping days in consecutive or separate bills, that in equity and good conscience should be returned to Plaintiff and the Class.

62. It is unjust for Defendants to accept and retain this money that they received by billing or charging Plaintiff and Class Members for the same day or days in consecutive or separate bills or charges.

63. As an alternative to the claim for breach of contract, Defendants should return to Plaintiff and Class Members the money they received by "double-billing" or "double-charging" them.

64. WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT V: VIOLATION OF THE MMPA BY MEANS OF UNFAIR PRACTICES
### (Plaintiff and the MMPA Subclass)

65. Plaintiff incorporates by reference each of the allegations contained in the preceding paragraphs of this Petition, and further alleges as follows.

66. The actions of Defendants alleged herein violated, and continue to violate, the Missouri Merchandising Practices Act ("MMPA") because they constitute unfair practices.

67. The MMPA, Mo. Rev. Stat. § 407.020, states in relevant part:

> The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . . is declared to be an unlawful practice.

68. Plaintiff, on behalf of himself and all others similarly situated in Missouri, is entitled to bring this action pursuant to Mo. Rev. Stat. § 407.025, which provides in relevant part that:

> 1. Any person who purchases or leases merchandise primarily for personal, family or household purposes and thereby suffers an ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by section 407.020, may bring a private civil action in either the circuit court of the county in which the seller or lessor resides or in which the transaction complained of took place, to recover actual damages. The court may, in its discretion, award punitive damages and may award to the prevailing party attorney's fees, based on the amount of time reasonably expended, and may provide such equitable relief as it deems necessary or proper.
>
> 2. Persons entitled to bring an action pursuant to subsection 1 of this section may, if the unlawful method, act or practice has caused similar injury to numerous other persons, institute an action as representative or representatives of a class against one or more defendants as representatives of a class . . . . In any action brought pursuant to this section, the court may in its discretion order, in addition to damages, injunction or other equitable relief and reasonable attorney's fees.

69. The MMPA defines "merchandise" as any objects, wares, goods, commodities, intangibles, real estate or services. Mo. Rev. Stat. § 407.010. Thus, the newspapers that Defendants sell to subscribers are merchandise.

70. In selling subscriptions to the *St. Louis Post-Dispatch* to its subscribers, Defendants are engaging in the sale of merchandise in trade or commerce.

71. Plaintiff and the MMPA Subclass purchased subscriptions to the *St. Louis Post-Dispatch* for personal, family, or household purposes and were billed and/or charged for overlapping days in consecutive or separate bills or charges. In other words, they were "double-billed" by Defendants for certain days by having such days included in two separate bills or charges.

72. Plaintiff and the MMPA Subclass thereby suffered ascertainable loss by paying for certain days of their subscription on two separate occasions based on Defendants' unfair and

13

deceptive acts or practice, or otherwise through the time they were forced to expend to obtain a credit on any occasions where they noticed the "double-billing" and reported the issue to Defendants.

73. The Missouri Attorney General has promulgated regulations defining the meaning of unfair practice as used in the MMPA. That definition states that unethical practices are unfair in violation of the above statute. Mo. Code Regs. tit. 15, § 60-8.020.

74. Pursuant to the MMPA, Defendants have a duty not to engage in any unethical or unfair practice in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, they breached that duty.

75. Billing or charging subscribers to the *St. Louis Post-Dispatch* for certain overlapping days as part of two separate bills or charges, so that the subscribers are "double-billed" for these days, is unfair and unethical and violates generally accepted principles of ethical business.

76. Defendants' acts and practices alleged herein have directly, foreseeably, and proximately caused loss, damages, and injury to Plaintiff and the MMPA Subclass in an amount to be determined at trial.

77. Defendants' unfair and unethical acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous, and were done in reckless indifference to the rights of Plaintiff and MMPA Subclass.

78. WHEREFORE, Plaintiff and the MMPA Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## COUNT VI: VIOLATION OF THE MMPA BY MEANS OF DECEPTION
### (Plaintiff and the MMPA Subclass)

79. Plaintiff incorporates by reference all preceding paragraphs of this Petition as if fully set forth herein, and further alleges as follows.

80. The actions of Defendants alleged herein violated, and continue to violate, the MMPA because they constitute deception.

81. Mo. Rev. Stat. §407.020.1 prohibits "[t]he act, use or employment by any person of any…deception…in connection with the sale or advertisement of any merchandise in trade or commerce."

82. The Missouri Attorney General has promulgated regulations defining the meaning of deception as used in the MMPA. That definition states that deception is any "method, act, use, practice, advertisement or solicitation that has the tendency or capacity to mislead, deceive or cheat, or that tends to create a false impression." Mo. Code Regs. Ann. tit. 15, § 60-9.020.

83. Pursuant to the MMPA, Defendants have a duty not to engage in any deception in connection with the sale or advertisement of any merchandise in trade or commerce. For the reasons stated herein, they breached that duty.

84. Billing or charging subscribers to the *St. Louis Post-Dispatch* for certain overlapping days as part of two separate bills or charges, so that such subscribers are "double-billed" for these days constitutes deception under the MMPA, as this act or practice has the tendency or capacity to mislead, deceive, cheat, and/or create a false impression as to Defendants' subscribers.

85. Specifically, Defendants' act or practice of "double-billing" their subscribers has the tendency to create a false impression and mislead them as to what dates were included in and

15

paid for as part of their previous bill, and to deceive and cheat them into paying for the same days twice.

86. Defendants' deceptive acts and practices have directly, foreseeably, and proximately caused loss, damages and injury to Plaintiff and the MMPA Subclass.

87. Defendants' deceptive acts and practices in violation of the MMPA were performed willfully and wantonly, were outrageous and were done in reckless indifference to the rights of Plaintiff and the MMPA Subclass.

88. WHEREFORE, Plaintiff and the MMPA Subclass pray for the relief requested in the Prayer for Relief set forth below in this Petition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the Class, pray judgment against Defendants as follows:

1. Certifying the Class as requested herein;

2. Entering an order appointing Law Office of Richard S. Cornfeld, LLC as lead counsel for the Class;

3. Awarding actual damages against Defendants in an amount to be determined;

4. Awarding punitive damages against Defendants as the Court deems necessary or proper;

5. Awarding injunctive relief as permitted by law or equity, including a preliminary and permanent injunction enjoining Defendants from continuing the unlawful practices as set forth herein;

6. Awarding pre-judgment and post-judgment interest;

7. Awarding reasonable attorneys' fees and costs herein;

Electronically Filed - St Louis County - May 14, 2019 - 04:28 PM

Electronically Filed - St Louis County - May 14, 2019 - 04:28 PM

8.    Awarding such other and further relief as the Court deems fit and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: May 14, 2019                Respectfully submitted,

**LAW OFFICE OF RICHARD S. CORNFELD, LLC**

By: */s/ Richard S. Cornfeld*
    Richard S. Cornfeld, MO Bar #31046
    Daniel S. Levy, MO Bar #66039
    1010 Market Street, Suite 1645
    St. Louis, MO 63101
    P. 314-241-5799
    F. 314-241-5788
    rcornfeld@cornfeldlegal.com
    dlevy@cornfeldlegal.com

*Attorneys for Plaintiff*