IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN GOLDSMITH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LEE ENTERPRISES, INC. et al.,<br><br>Defendants. | Case No.: 4:19-cv-01772 |

### JOINT PROPOSED SCHEDULING PLAN

Plaintiff Steven Goldsmith ("Plaintiff"), by and through his counsel of record, and Defendants Lee Enterprises, Inc., Lee Enterprises Missouri, Inc., St. Louis Post-Dispatch LLC, and Pulitzer Inc., d/b/a St. Louis Post-Dispatch (collectively "Defendants"), by and through their counsel of record, having met and conferred pursuant to Fed. R. Civ. P. 26(f) on October 2, 2019, hereby submit the following Joint Proposed Scheduling Plan pursuant to the Court's September 20, 2019 Order (Doc. #25):

(a) *Track Assignment*:

The Order Setting Rule 16 Conference, Doc. #25, assigned this case to Track 2. The parties believe that a Track 3 assignment is appropriate, given the putative class-action nature of the case.

(b) *Dates for Joinder of Additional Parties or Amendments of Pleadings*:

The parties agree that a deadline for joinder of additional parties or amendment of pleadings without either the consent of all parties or leave of court be set for February 2, 2020.

(c) *Discovery Plan*:

(i) *any agreed-upon provisions for disclosure, discovery, and preservation of electronically stored information.*

The parties do not anticipate any issues regarding electronically stored information and agree to negotiate and attempt to stipulate to a protocol for electronic discovery in accordance with the requirements of Fed. R. Civ. P. 34(b)(2)(E). If the parties are unable to resolve any disagreements on this subject, they will submit any such disagreements to the Court for resolution.

(ii) *any agreements the parties reach for asserting claims of privilege or of protection as trial-preparation material after production.*

The parties agree to negotiate and attempt to stipulate regarding such claims and do not anticipate any difficulties in reaching an agreement.

(iii) *a date or dates by which the parties will disclose information and exchange documents pursuant to Fed. R. Civ. P. 26(a)(1).*

The parties agree that initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) be made by October 25, 2019.

(iv) *whether discovery should be conducted in phases or limited to certain issues.*

Plaintiff believes that fact and expert discovery should be conducted in phases, with class certification discovery occurring first and merits discovery occurring after decision on class certification, subject to a schedule for merits discovery to be agreed upon at that time, taking care to avoid repetition of discovery previously provided.  Subject to paragraph (h) below, pertaining to limiting discovery to issues pertinent to their anticipated motion for summary judgment, Defendants are in agreement.

Accordingly, the parties propose the following schedule for class-certification discovery:

  a. Fact discovery related to class certification to be completed by July 2, 2020.

  b. Plaintiff to disclose his expert(s) on class certification issues and provide expert reports by July 23, 2020. The depositions of Plaintiff's experts on class certification to be completed by August 20, 2020.

  c. Defendants to disclose their experts on class certification issues and provide expert reports by September 10, 2020. The depositions of Defendants' experts on class certification to be completed by October 8, 2020.

  d. If Plaintiff desires to designate a rebuttal expert, the parties will consult as to appropriate dates.

  e. Discovery related to class certification to be completed by October 8, 2020 or the date of deposition of Plaintiff's rebuttal expert(s) if any, whichever is later.

In addition, the parties propose the following deadlines on Plaintiff's motion for class certification:

  a. Plaintiff's class certification motion: November 5, 2020 (40 pages).

  b. Defendants' opposition to class certification: December 3, 2020 (40 pages).

  c. Plaintiff's reply brief: December 24, 2021 (25 pages).

Within fourteen days of the Court's ruling on class certification, the parties shall file a Joint Proposed Scheduling Plan with respect to merits discovery in Phase II as appropriate.

(v) *dates by which each party shall disclose its expert witnesses' identities and reports, and dates by which each party shall make its expert witnesses available for deposition, giving consideration to whether serial or simultaneous disclosure is appropriate in the case.*

See above.

(vi) *whether the presumptive limits of ten (10) depositions per side as set forth in Fed. R. Civ. P. 30(a)(2)(A), and twenty-five (25) interrogatories per party as set forth in Fed. R. Civ. P. 33(a), should apply in this case, and if not, the reasons for the variance from the rules.*

Plaintiff posits waiver of this requirement because of the class-action nature of this case and because he cannot anticipate the number of depositions he might need since no initial disclosures or documents have been provided. Defendants believe the limitations should apply.

(vii) *whether any physical or mental examinations of parties will be requested pursuant to Fed. R. Civ. P. 35, and if so, by what date that request will be made and the date the examination will be completed.*

None.

(viii) *a date by which all discovery will be completed.*

See above.

(ix) *any other matters pertinent to the completion of discovery in this case.*

If any of the proposed dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

(d). *The Parties' Positions Concerning the Referral of the Action to Mediation or Early Neutral Evaluation, and When Such Referral Would be Most Productive.*

This case is suitable for mediation at any time although the parties may need to exchange discoverable information to make the mediation fruitful.

4

(e).      *Dates for Filing Any Motions to Dismiss or Motions for Summary Judgment.*

Defendants' Answer to Plaintiff's First Amended Class Action Complaint was filed on July 16, 2019. In the event Defendants do not prevail on their threshold motion for summary judgment discussed in paragraph (h) below, the parties agree to meet and confer on dates for other motions for summary judgment, if any, following the decision on class certification.

(f).      *The Earliest Date by Which this Case Should Reasonably be Expected to be Ready for Trial.*

The parties agree that it is premature to schedule a trial date until after the Court decides the motion on class certification.

(g).      *An Estimate of the Length of Time Expected to Try the Case to Verdict.*

The parties agree that until the Court decides on class certification, it is premature to estimate the length of time expected to try the case to verdict.

(h).      *Any Other Matters Counsel Deem Appropriate for Inclusion in the Joint Scheduling Plan.*

Defendants anticipate filing a motion for summary judgment showing that Plaintiff did not sustain an ascertainable loss under the Missouri Merchandising Practices Act or any other damages (thus precluding Plaintiff from recovering on any of his claims and serving as a putative class representative).  Defendants anticipate filing that motion on or before October 18, 2019.  This motion will involve a narrow, potentially dispositive issue that is distinct from class discovery.  Defendants believe that if this motion is granted it would dispose of the entire action rendering any other discovery unnecessary.  For that reason, Defendant proposes that to maximize efficiencies and cost savings, any discovery except such discrete and specific discovery necessary to oppose that motion be postponed for a reasonable period in order to

obtain resolution of this potentially-dispositive issue. *See, e.g., Loreaux v. ACB Receivables Mgmt., Inc.,* No. CIV.A. 14-710 MAS, 2015 WL 5032052, at *1 (D.N.J. Aug. 25, 2015) (limiting discovery in an Fair Debt Collections Act case to Plaintiffs' claims that the debt collection correspondence sent to them listing an "Amount Due" different than the "Amount Owed," was false, deceptive or misleading). Plaintiff does not agree to this and does not believe discovery should be stayed in any fashion because of Defendants' speculative summary judgment motion.

Dated:  October 2, 2019                                          Respectfully submitted,

| | |
|---|---|
| LAW OFFICE OF RICHARD S. CORNFELD, LLC | LEWIS RICE LLC |
| By: */s/  Richard S. Cornfeld*<br>Richard S. Cornfeld, #31046MO<br>Daniel S. Levy, #66039MO<br>1010 Market Street, Suite 1645<br>St. Louis, MO 63101<br>P. 314-241-5799 / F. 314-241-5788<br>rcornfeld@cornfeldlegal.com<br>dlevy@cornfeldlegal.com<br><br>***Attorneys for Plaintiff*** | By: */s/ John M. Hessel*<br>John M. Hessel, #26408MO<br>Joseph E. Martineau, #32397MO<br>Edward T. Pivin, #64086MO<br>600 Washington Avenue, Ste. 2500<br>St. Louis, MO 63101<br>Tel: (314) 444-7729<br>Fax: (314) 612-7729<br>jhessel@lewisrice.com<br>jmartineau@lewisrice.com<br>epivin@lewisrice.com<br><br>Roger Myers<br>**BRYAN CAVE LEIGHTON PAISNER LLP**<br>Three Embarcadero Center, 7th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 268-1955<br>roger.myers@bclplaw.com<br><br>***Attorneys for Defendants*** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all Counsel of Record this 2nd day of October, 2019.

                                              */s/ Richard S. Cornfeld*