UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STEVEN GOLDSMITH, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19CV1772 HEA |
| | ) | |
| LEE ENTERPRISES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Steven Goldsmith's Motion to Strike Defendants' Answer [Doc. No. 19] and Motion to Strike Defendants' Affirmative Defenses [Doc. No. 20]. Defendants oppose each Motion, and the matters are fully briefed. For the reasons articulated below, Plaintiff's Motion to Strike Defendants' Answer is denied, and Plaintiff's Motion to Strike Defendants' Affirmative Defenses is denied in part and granted in part.

## Background

Plaintiff initially filed a Petition in the Circuit Court for St. Louis County, Missouri. Defendants removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453. Plaintiff filed his six-count First Amended Class Action Complaint ("Amended Complaint") with this Court on July 3, 2019. Defendants filed their

Answer including affirmative defenses on July 16.

In his Amended Complaint, Plaintiff alleges that Defendants overcharged him and other similarly situated *St. Louis Post-Dispatch* subscribers by "double billing," that is, including the same day in more than one billing period. Plaintiff alleges breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), money had and received (Count IV), violation of the Missouri Merchandising Practices Act, §407.010 *et seq.* ("MMPA") by means of unfair practices (Count V), and violation of the MMPA by means of deception (Count VI).

In their Answer, Defendants deny Plaintiff's allegations regarding improper or double billing. They also deny the allegation that they acted unethically or unlawfully. The Answer sets forth 16 paragraphs of affirmative defenses, 12 of which Plaintiff now moves to strike. Plaintiff also moves to strike 19 paragraphs from Defendants' Answer.

## Discussion

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Court enjoys liberal discretion in resolving a motion to strike. *Stanbury Law Firm v. Internal Revenue Serv.,* 221 F.3d 1059, 1063 (8th Cir. 2000). "In ruling on a motion to strike, the Court views the pleadings in the light most favorable to the

pleader." *Speraneo v. Zeus Tech., Inc.,* 4:12CV578 JAR, 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (citing *Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc.,* 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008)).

Motions to strike are "viewed with disfavor and are infrequently granted." *Stanbury Law Firm,* 221 F.3d at 1063 (quotations omitted). Criticizing motions to strike, District Courts have stated that "motions to strike can be nothing other than distractions. If a defense is clearly irrelevant, then it will likely never be raised again by the defendant and can be safely ignored. If a defense may be relevant, then there are other contexts in which the sufficiency of the defense can be more thoroughly tested with the benefit of a fuller record—such as on a motion for summary judgment." *Shirrell v. St. Francis Med. Ctr.,* No. 1:13CV42 SNLJ, 2013 WL 3457010, at *1 (E.D. Mo. July 9, 2013) (quoting *Morgan v. Midwest Neurosurgeons, LLC,* No. 1:11CV37 CEJ, 2011 WL 2728334, *1 (E.D. Mo. July 12, 2011)); *Speraneo v. Zeus Tech., Inc.,* 4:12CV578 JAR, 2012 WL 2117872, *1 (E.D. Mo. June 11, 2012) (quoting same).

When moving to strike an answer, "a plaintiff must show that the allegations being challenged in the defendant's answer are 'so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party.'" *Sobba v. Elmen*, 462 F. Supp. 2d 944, 946 (E.D. Ark. 2006) (quoting 5C CHARLES

ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1382 (3d. ed. 2004)). "A motion to strike an affirmative defense should not be granted 'unless, as a matter of law, the defense cannot succeed under any circumstances or is immaterial in that it has no essential or important relationship to the claim for relief.'" *Speraneo*, 2012 WL 2117872, at *1 (quoting *Cynergy Ergonomics,* 2008 WL 2817106, at *2, and citing *Federal Deposit Ins. Corp. v. Coble,* 720 F.Supp. 748, 750 (E.D. Mo.1989)).

In order to prevail on a 12(f) motion, the moving party must also show prejudice. *U.S. Liability Ins. Co. v. Global Acquisitions, LLC*, No. 4:14CV1887 RWS, 2015 WL 2354063, at *1 (E.D. Mo. May 15, 2015). "The prejudice requirement is satisfied if striking the defense would, for example, prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." *Cynergy Ergonomics*, 2008 WL 2817106, at *2.

<u>Motion to Strike Defendants' Answer</u>

Plaintiff moves to strike paragraphs 37-55 from Defendants' Answer. These paragraphs respond to Plaintiff's allegations regarding the purported ethical standards of the Direct Marketing Association and American Marketing Association. To each of these allegations, Defendants replied:

> Defendants deny double-billing or improperly billing subscribers for newspapers and related materials they receive; deny that they ever

> acted unethically or unlawfully; deny that [DMA or AMA] principles establish any legal or ethical duty Defendants owe subscribers; deny that [DMA or AMA] principles are relevant or material herein; deny that they violated any [DMA or AMA] principle or standard; deny that they ever represented that they adhered to any [DMA or AMA] principle or standard; and otherwise deny the allegations of [the relevant] paragraph [ ] not specifically admitted herein.

Plaintiff complains at length about Defendants' "tirade" of answers to paragraphs 37-55. Plaintiff claims that the answers are non-responsive, and that because his allegations simply quoted the attached exhibits of the DMA and AMA ethical standards, Defendants should have merely admitted or denied each. He further claims he will be prejudiced if the motion is denied "because he is entitled to take discovery regarding the basis of Defendants' denials without getting bogged down with all the extraneous statements."

The Court finds no such prejudice. The "extraneous" statements raise no issues that will require additional discovery or the irrelevant litigation. Elsewhere in their Answer, Defendants already denied improper billing and denied acting unethically or unlawfully. The relevance of DMA and AMA ethical standards and whether Defendants violated them are essential aspects of Plaintiff's Complaint, therefore Defendants' statements in those veins are not prejudicial. Finally, because Plaintiff vehemently asserts that the DMA and AMA standards apply to all marketers, Defendants' statement that they did not purport to adhere to the standards is a nonissue that does not require discovery. Regardless of whether

Defendants' answers are "non-responsive," Plaintiff fails to show that he will be prejudiced if they are not stricken. The Motion to Strike the Answer is denied.

Motion to Strike Defendants' Affirmative Defenses

Plaintiff initially moved to strike paragraphs 3-10 and 13-16 of Defendants' affirmative defenses. In their brief on this motion, Defendants stated that they do not oppose striking paragraphs 9 and 15. Plaintiff now moves to strike the following of Defendants' affirmative defenses:

> 3. Plaintiff's and the putative class members' claims are barred, in whole or in part, by any disclaimers, limitations, or other terms communicated, transmitted, provided, or made available in connection with the purchase of the newspapers at issue, including disclosures available to Plaintiff and putative class members that the rates paid were based on charges for premium days and/or plus sections which would affect the length and term of a subscription. Consequently, because any contract with Plaintiff and the putative class members included the disclaimers, limitations or other terms regarding the effect on the length and term of a subscription by charges for premium days and/or plus sections, there was no breach of any contract, no breach of the covenant of good faith and fair dealing, no monies unjustly retained or improperly had and received, and no unfair practice or deception.

> 4. Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, laches, and/or unclean hands in that Plaintiff and putative class members acted with full awareness and knowledge of all circumstances surrounding all monies paid based on the invoices provided.

> 5. Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of release, waiver, estoppel, laches, and/or unclean hands in that Defendants fully and adequately disclosed Plaintiff that the timing of charges for premium and/or plus editions would affect the length and term of a subscription.

6. Plaintiff and the putative class members are barred from recovering any damages, completely or in part, under the doctrine of election of remedies and/or to the extent recovery would result in double recovery for the same alleged harm, damages, or losses, if any.

7. Plaintiff's and the putative class members' claims in Counts V and VI under the Missouri Merchandising Practices Act are barred by one or more of the exemptions in Mo. Rev. Stat. § 407.020.2, to the extent applicable, and/or to the extent the Missouri Merchandising Practices Act otherwise does not apply to Plaintiff and the putative class members' claims.

8. Plaintiff's and the putative class members' claims in Counts I-IV are barred in whole or in part by the voluntary payment doctrine.

\* \* \*

10. Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent Plaintiff or any such putative class members lack statutory and/or Article III standing.

\* \* \*

13. The Amended Complaint fails to satisfy the requirements of Fed. R. Civ. P. 23 in order to qualify as a class action and this action is not properly maintainable as such because, among other things: (i) the purported class is not so numerous that joinder of all purported members would be impractical; (ii) any alleged questions of law or fact are not common to the purported members of the alleged putative class and do not predominate; (iii) the claims and defenses of Plaintiff are not typical to that of any purported members of the alleged putative class; (iv) Plaintiff will not fairly and adequately protect the interests of the alleged putative class; and (v) alleged putative class counsel are not adequate representatives for the alleged putative class.

14. Plaintiff's and/or some or all of the putative class members may be barred from recovering damages in this action, in whole or in part, as a result of the res judicata and/or collateral estoppel effects of prior judgments and/or orders.

\* \* \*

16. Defendants reserve the right to amend or supplement this Answer, including its Further Answer and Affirmative and Additional Defenses as appropriate or as further facts may develop or be discovered.

Plaintiff argues that the affirmative defenses lack factual support and should be stricken. He points to several District Court opinions on motions to strike from 2011 and 2012 in which the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) were extended to affirmative defenses: *Handi-Craft Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 4:12CV63 JCH, 2012 WL 1432566, at n. 5 (E.D. Mo. Apr. 25, 2012); *Amerisure Ins. Co. v. Thomas*, No. 4:11CV642 JCH, 2011 WL 3021205 (E.D. Mo. July 21, 2011); *Lucas v. Jerusalem Café, LLC*, No. 4:10CV00582 DGK, 2011 WL 1364075 (W.D. Mo. Apr. 11, 2011); *Monsanto Co. v. Boggs Farm Centers, Inc.*, No. 4:10CV286 HEA, 2010 WL 4792103, at *3 (E.D. Mo. Nov. 18, 2010). In *Monsanto Co.*, this Court struck an affirmative defense which "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claim." 2010 WL 4792103, at *3 (citing *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1295 (7th Cir.1989)).

On the other hand, Defendant cites to more recent cases in which affirmative defenses have not been held to the heightened pleading standards of *Twombly* and *Iqbal*: *Dahhane v. Stanton*, 2015 WL 5009642, *3 (D. Minn. Aug. 24, 2015); *Ash Grove Cement Co. v. MMR Constructors, Inc.*, 2011 WL 3811445, *2 (W.D. Ark.

Aug. 29, 2011); *F.D.I.C. v. Dosland*, 298 F.R.D. 388, 394 (N.D. Iowa 2013). Among other things, the above courts held that "it is unfair to impose a plausibility pleading standard on a defendant who has a mere 21 days to answer, unlike a plaintiff who may have had months or years to investigate a claim before pleading." *Dahhane*, 2015 WL 5009642 at *3. "To reason otherwise would leave a defendant to investigate the facts during the discovery process, only to later seek leave of court to amend his answer to raise new affirmative defenses as sufficient applicable facts came to light." *Ash Grove Cement Co.*, 2011 WL 3811445 at *2.

The only circuit court to have addressed this issue is the Second Circuit, which concluded that "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task. 556 U.S. at 679, 129 S.Ct. 1937." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019). The Second Circuit noted that pleaders of and affirmative defenses have a relatively short time to respond to Complaints, and that less rigor should therefore be applied when testing the pleading of an affirmative defense. *Id.* The Second Circuit also noted that the context of the affirmative defense pleaded, including whether facts germane to that defense are readily available to the pleader, is important when applying the plausibility standard of *Twombly* and

*Iqbal*. *Id.*

Here, the Court first notes that in their brief in response to Plaintiff's motion to strike, Defendants have specified the facts on which several of their affirmative defenses rely, namely paragraphs 3, 4, 5, and 10. Plaintiff maintains that the defenses should be stricken because the facts are still not sufficient or because Plaintiff should have included the facts in the first place. Now that Plaintiff has the enhanced facts, no prejudice results from the inclusion of the aforementioned defenses in Defendants' Answer. Similarly, Defendants have clarified the allegations in the Complaint on which they base the voluntary payment defense in paragraph 8. The defenses in paragraphs 3, 4, 5, 8 and 10 will not be stricken.

"The doctrine [of election of remedies] is only applicable when a party has more than one remedy to correct a single wrong and the remedies are inconsistent." *Tolbert v. Auto. Fin. Corp.*, 341 S.W.3d 195, 200 (Mo. App. W.D. 2011). Paragraph 6 lacks facts about the inconsistency of any remedies available to Plaintiff. Moreover, "[a] fundamental premise of the doctrine [of election of remedies] is that the *satisfaction* of two judgments, and not merely the *existence* of two judgments, equates to a double recovery." *Id.* at 201 (emphasis in original). Paragraph 6 includes no information that any two judgments have been or will be satisfied. Keeping in mind that circumstances could change, paragraph 6 will be stricken without prejudice.

Applying the Second Circuit's contextual examination of affirmative defenses, the Court finds that at least some facts relevant to the statutory exemptions in the MMPA likely would have been available to Defendants at the time of their Answer. Because they failed to plead any such facts in paragraph 7 or in their brief in opposition, paragraph 7 will be stricken without prejudice.

Paragraph 13 is a boilerplate defense to Rule 23's elements for class certification. Defendants argue that Plaintiff provides "similarly conclusory allegations" as to class certification in the Complaint. Contextually, this defense cannot be expected to be fully fleshed out in light of the relatively spare class allegations in the Complaint and the limited time period Defendants have to investigate and respond. Paragraph 13 will not be stricken.

Paragraph 14 alleges a *res judicata* defense but is bereft of facts indicating that previous judicial proceedings may exist. Paragraph 14 will be stricken without prejudice.

Finally, paragraph 16 is a catch-all defense, in which Defendant "reserves the right" to amend or supplement its answer and affirmative defenses. Of course, under Rule 15, Defendants may always amend their Answer with leave of the Court or with Plaintiff's consent. This paragraph does not prejudice Plaintiff in any way and it will not be stricken.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Strike the Answer will be denied and Plaintiff's Motion to Strike the Affirmative Defenses will be granted in part and denied in part.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Defendants' Answer [Doc. No. 19] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike Defendants' Affirmative Defense [Doc. No. 20] is **GRANTED without prejudice** as to paragraphs 6, 7, 9, 14, and 15 and **DENIED** as to paragraphs 3, 4, 5, 8, 10, 13 and 16.

Dated this 15th day of October, 2019

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE