UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN GOLDSMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19CV1772 HEA |
| | ) |
| LEE ENTERPRISES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on several motions, including: Defendants' Motion for Summary Judgment [Doc. No. 31], Plaintiff's Motion for Discovery or to Deny Summary Judgment Without Prejudice [Doc. No. 34], Defendants' Motion for a Protective Order Limiting Discovery [Doc. No. 47], Plaintiff's Motion to Compel Defendants to Comply with Discovery Requests [Doc. No. 49], and Plaintiff's Motion for Partial Summary Judgment [Doc. No. 54]. The matters are fully briefed. For the reasons articulated below, Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment will be denied. Plaintiff's Motion for Discovery or to Deny Summary Judgment will be granted, as will Plaintiff's Motion to Compel. Defendants' Motion for a Protective Order Limiting Discovery will be denied.

**Background**

Plaintiff initially filed a Petition in the Circuit Court for St. Louis County, Missouri. Defendants removed the action to federal court pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d) and 1453. Plaintiff filed his six-count First Amended Class Action Complaint ("Amended Complaint") with this Court on July 3, 2019. Defendants filed their Answer including affirmative defenses on July 16.

In his Amended Complaint, Plaintiff alleges that Defendants overcharged him and other similarly situated *St. Louis Post-Dispatch* subscribers by "double billing," that is, including the same day in more than one billing period. Plaintiff alleges breach of contract (Count I), breach of the implied covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), money had and received (Count IV), violation of the Missouri Merchandising Practices Act, §407.010 *et seq.* ("MMPA") by means of unfair practices (Count V), and violation of the MMPA by means of deception (Count VI).

In their Answer, Defendants deny Plaintiff's allegations regarding improper or double billing. They also deny the allegation that they acted unethically or unlawfully.

## The Instant Motions

Defendants filed a Motion for Summary Judgment [Doc. No. 31] arguing that Plaintiff cannot show that he suffered a loss as required of a claim under the

MMPA, and that Plaintiff cannot show any other damages or breach of contract.

Plaintiff then filed a Motion for Discovery or to Deny Summary Judgment Without Prejudice [Doc. No. 34], arguing that Defendants' motion for summary judgment can be denied without discovery because the evidence on which Defendants' rely – the declaration of Defendant Lee Enterprises Inc.'s Director of Circulation Accounting, Andrew Sistek – is not material. Alternatively, Plaintiff argues that if the Court does not deny Defendants' motion for summary judgment based on immateriality of Sistek's declaration, Plaintiff will need to conduct discovery to oppose summary judgment. In that case, Plaintiff contends that the Court should deny Defendants' motion for summary judgment or defer ruling on it until the close of discovery pursuant to Fed. R. Civ. P. 56(d).

Defendants moved for a protective order "limiting discovery to matters essential to justify opposition to Defendants' pending motion for summary judgment" [Doc. No. 47]. In the parties' joint proposed scheduling plan, submitted October 2, 2019, Defendants had requested such a limit on discovery, while Plaintiff had opposed it. The Court did not specifically address the dispute in its case management order dated October 22, 2019 (the "CMO"). In their motion for a protective order, Defendants' requested that the Court now enforce a limit on discovery to the issues raised in their motion for summary judgment, namely whether Plaintiff can show that he suffered an ascertainable loss under the MMPA

3

or any other damages or breach as to his other claims.

Plaintiff then moved to compel Defendants to comply with discovery requests not related to class issues [Doc. No. 49]. Therein, Plaintiff requested that the Court overrule Defendants' objections where Defendants assert the requests improperly seek information regarding the merits of the case. Plaintiff further requested that the Court compel Defendant to comply with Plaintiff's discovery requests even if the information sought is unnecessary for class certification. Plaintiff argues that the CMO did not order separate discovery phases on class issues and merits issues.

Plaintiff has now filed a Partial Motion for Summary Judgment on Liability [Doc. No. 54]. Plaintiff argues that the undisputed facts establish the requisite elements to prove Defendants' liability for breach of contract, breach of the implied covenant of good faith and fair dealing, deceptive practice under the MMPA, and unfair practice under the MMPA as to Plaintiff's personal claims, and leaving only damages to be determined.

## Discussion

Neither Defendants' Motion for Summary Judgment nor Plaintiff's Motion for Partial Summary Judgment will be granted at this time. "Summary judgment is proper where the evidence, when viewed in a light most favorable to the non-moving party, indicates that no genuine [dispute] of material fact exists and that

4

the moving party is entitled to judgment as a matter of law." *Davison v. City of Minneapolis, Minn.*, 490 F.3d 648, 654 (8th Cir. 2007); Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. *Id.*

Plaintiff argues that Defendants' Motion for Summary Judgment can be denied on the merits because the evidence set forth in Sistek's declaration is not material. Plaintiff argues:

> [W]hatever Mr. Sistek means by five years' worth of "applicable daily charges" (and he doesn't say) it can make no difference on whether Plaintiff's claims, related to specific 8-week invoices, are valid. This evidence is not material for another reason as well. Plaintiff's invoices never mentioned "daily charges." They showed an "Amount Due" for a specific "Term" with fixed beginning and end dates. So Defendants' "applicable daily charges" are not applicable to the invoices that give rise to this lawsuit.

Plaintiff also asserts that if the Court does not deny Defendants' motion for lack of material evidence, then the Court should deny Defendants' summary judgment motion or defer ruling on it pursuant to Fed. R. Civ. P. 56(d), which provides:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the

5

court may:

>(1) defer considering the motion or deny it;
>
>(2) allow time to obtain affidavits or declarations or to take discovery; or
>
>(3) issue any other appropriate order.

As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery. *Toben v. Bridgestone Retail Operations, LLC*, 751 F.3d 888, 894 (8th Cir. 2014) (citing *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.,* 687 F.3d 1045, 1049 (8th Cir.2012)). Nonmovants may request a continuance under Rule 56(d) until adequate discovery has been completed if they otherwise cannot present facts sufficient to justify their opposition. *Toben*, 751 F.3d at 894. This option exists to prevent a party from being unfairly thrown out of court by a premature motion for summary judgment. *Id.* To obtain a Rule 56(d) continuance, the party opposing summary judgment must file an affidavit affirmatively demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact. *Id.*

Plaintiff's counsel submitted an affidavit stating the facts which he claims are essential to justify opposition to Defendants' Motion for Summary Judgment, but which Plaintiff cannot present because they are in the exclusive possession of Defendants and Plaintiffs have not received discovery from Defendants. These facts include: the reasons for overlaps and gaps in the date ranges in Plaintiff's

6

invoices; how defendants determined the date ranges; the meanings of "daily charge," "applicable daily charge," "daily rate," "applicable daily rate," "base rate," "base-rate charges" and "Plus edition charges" as used in Defendants' statement of facts and how those charges and rates were conveyed to Plaintiff and other subscribers; the total "amount due" of all the invoices sent to Plaintiff from May 14, 2014 to July 3, 2019; how certain credits mentioned in Sistek's declaration were calculated and the reason for each credit; the meaning of "cost of newspapers received" as used in Sistek's declaration; "the source(s) of the numbers in Sistek's Appendix A . . ., how he calculated the numbers, and how, if at all, the Post-Dispatch uses them in setting its prices and/or its internal accounting;" the basis on which Defendants state that Plaintiff received the equivalent of four months of free newspapers, and; whether the Post-Dispatch has stopped its "double-billing" practices.

Defendants contend that none of those facts are essential because the factual basis for their Motion for Summary Judgment is "simple: (i) Plaintiff received $2,113.32's worth of newspapers during the relevant five-year period under his daily rates; and (ii) Plaintiff paid only $2,025.53 for those newspapers." They further argue that Plaintiff "does not raise any facts or grounds for believing that the daily rates in Mr. Sistek's Declaration are not, in fact, Plaintiff's rates."

As for Plaintiff's Motion for Partial Summary Judgement on Liability,

7

Plaintiff argues that he has provided evidence in the form of account statements where two different statement "Terms" ("Terms" here are date ranges; to avoid confusion, they are hereinafter called "term dates") contain the same day or days, thus establishing Defendants' liability for charging Plaintiff twice for the same day. In so arguing, Plaintiff relies on his theory that each account statement represents a separate unilateral contract between Plaintiff and Defendants. Under this separate contract theory, the account statement sent to Plaintiff by Defendants was a promise to supply newspapers for the "amount due" and term dates listed on the statement, and Plaintiff's payment to Defendants of the "amount due" was performance rendering the contractual agreement enforceable. Plaintiff argues that the higher price of any "Plus editions" delivered during the term dates of a given account statement was reflected in the "amount due" on the account statement and should not be reflected on a future statement. By sending a subsequent statement which included a duplicate date of service, Plaintiff argues, Defendants breached the terms of the agreement made under the first statement and committed the other wrongs alleged.

In opposition, Defendants contend that the higher cost of "Plus editions" sometimes is not reflected in the amount due of an account statement bearing the term dates that include the date of the Plus edition, and therefore the extra cost gets "rolled" into the following account statement, causing an overlap of term dates.

Defendants argue that each invoice is not a separate contract but rather the parties are engaged in a continuing agreement where newspapers are delivered to Plaintiff daily in exchange for periodic payments. Even if the separate contract theory is correct, argue Defendants, Plaintiff received every newspaper for the periods included in his claim and did not pay twice for any of them. Defendants also argue several defenses to Plaintiff's claims, such as voluntary payment, waiver, and estoppel. They state that at a minimum, partial summary judgment should be denied due to questions of fact relating to those defenses.

The parties' motions for summary judgment inform the reasoning behind the general rule that summary judgment is proper only after the nonmovant has had adequate time for discovery. *Toben*, 751 F.3d at 894. The Court does not doubt that both motions are based on each party's genuinely held belief that they are entitled to the requested summary judgment based on their proffered evidence. However, definitively ruling on these motions before discovery is not possible where some of the most basic underlying facts are vigorously disputed by the parties.

It is no surprise then that Plaintiff's Rule 56(d) motion is well taken. Plaintiff seeks to conduct discovery regarding, *inter alia*, the meaning of the phrases Defendants use in describing their subscription accounting. This is not an unreasonable or immaterial request. Based on the exhibit account summaries before the Court, it appears that the account summary documents that are sent to

9

subscribers do not contain the phrases in question. For instance, the exhibit account summaries do not mention or define "daily rates," "base rates," or "Plus edition" charges. The account summaries seemingly do not reflect when or why credits were applied to Plaintiff's account. Defendants base their argument that Plaintiff suffered no ascertainable loss on their internal accounting, the understanding of which arguably turns on the definitions and calculations of rates, charges, credits, etc. that Plaintiff seeks through discovery. Plaintiff will be granted leave to conduct discovery on this and other issues; Plaintiff's Motion for Discovery or to Deny Summary Judgment Without Prejudice will be granted. Defendants' Motion for Summary Judgment will be denied without prejudice.

Plaintiff's Motion for Partial Summary Judgment as to Liability will also be denied without prejudice at this time. Although Plaintiff zealously claims that he was charged and paid for the same newspapers twice, the running spreadsheet of Plaintiff's account provided by Defendants creates a genuine issue of fact as to Plaintiff's actual loss. Plaintiff's Rule 56(d) motion was granted because Plaintiff is entitled to seek discovery to rebut Defendants' contention that Plaintiff suffered no loss. For now, Plaintiff's loss remains a disputed fact, and the Court cannot grant summary judgment in Plaintiff's favor such a fact dispute remains unresolved. For that reason, Plaintiff's Motion for Partial Summary Judgment as to liability will be denied without prejudice at this time.

The Court denies the motions for summary judgment without prejudice in the hope that the parties will clarify and refine their arguments after engaging in discovery.

Two motions remain pending before the Court: Defendants' Motion for a Protective Order Limiting Discovery and Plaintiff's Motion to Compel Defendants to Comply with Discovery Requests. In their motion for a protective order, Defendants' seek to limit discovery to matters pertinent to their summary judgment motion. Defendants argue that if their summary judgment motion is granted, Plaintiff's claims will be disposed of, and Defendants could avoid the burden and expense of broad discovery. Defendants note that they raised a similar request to limit discovery to their initial motion for summary judgment in the parties' joint proposed scheduling plan, and that Plaintiff opposed the request. The Court did not affirmatively rule on the dispute in the CMO.

Plaintiff asks the Court to compel Defendants to respond to discovery requests to which Defendants objected as "seek[ing] discovery on the merits of the claims and defenses in this action prior to certification of any putative class ...." Plaintiff argues that the Court did not intend for discovery to be bifurcated into a class-based phase and a merits-based phase, since it did not include the parties' agreed upon language to that effect in the CMO.

The CMO was silent as to "phases" of discovery, although it did set specific

11

deadlines for class certification. Importantly, Defendants and Plaintiff have each filed motions for summary judgment based on the merits of the named Plaintiff's case. Although these motions will be denied without prejudice, the parties show no sign of laying aside the issues raised therein. Discovery cannot be limited only to class certification when the parties are lodging dispositive motions on the merits. Defendants' Motion for a Protective Order Limiting Discovery will be denied. Plaintiff's Motion to Compel Defendants to Comply with Discovery Requests will be granted. The parties will submit a revised joint proposed scheduling plan within 10 days of the date of this Opinion, Memorandum, and Order.

## Conclusion

For the foregoing reasons, Defendants' Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment will be denied. Plaintiff's Motion for Discovery or to Deny Summary Judgment and Plaintiff's Motion to Compel will be granted, while Defendants' Motion for a Protective Order Limiting Discovery will be denied. The parties shall submit a revised joint proposed scheduling plan within 10 days of the date of this Opinion, Memorandum, and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment [Doc. No. 31] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** Plaintiff's Motion for Discovery or to Deny Summary Judgment Without Prejudice [Doc. No. 34] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for a Protective Order Limiting Discovery [Doc. No. 47] is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff's Motion to Compel Defendants to Comply with Discovery Requests [Doc. No. 49] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment [Doc. No. 54] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that the parties shall submit a revised joint proposed scheduling plan within 10 days of the date of this Opinion, Memorandum, and Order.

Dated this 16th day of June, 2020

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE