UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN GOLDSMITH,      ) <br> ) <br> Plaintiff,      ) <br> ) <br> vs.      ) <br> ) <br> LEE ENTERPRISES, INC., et al.,      ) <br> ) <br> Defendants.      ) | Case No. 4:19-cv-01772-MTS |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Leave to Amend by Interlineation, Doc. [71]. The Motion is fully briefed. For the following reasons, the Court will grant the Motion.

**I.   BACKGROUND**

Plaintiff originally filed this action in Missouri state court, making various contract-related claims as well as a Missouri Merchandising Practices Act claim against Defendants, who are the proprietors of the *St. Louis Post-Dispatch* newspaper. Plaintiff contends that he, like many other subscribers to the *Post-Dispatch*, was "double-billed" for his newspaper subscriptions, as reflected by his subscription invoices, which sometimes included the same date in more than one billing period. Docs. [9] ¶ 14, [79] at 2. Defendants removed the case to this Court on June 21, 2019 on the basis of subject-matter jurisdiction under the Class Action Fairness Act. Doc. [1]. Plaintiff then filed an Amended Complaint, Doc. [17], on July 3, 2019, to which Defendants filed their Answer, Doc. [18], on July 16, 2019, responding to Plaintiff's allegations and pleading various affirmative defenses.

The Court entered a Case Management Order (CMO) on October 22, 2019, setting

February 2, 2020 as the deadline for joinder of parties or amendment of pleadings.  Doc. [33] at 1.  Then, on July 2, 2020, Defendants filed the instant Motion for Leave to Amend their Answer.  Doc. [71].  Defendants sought to amend the Answer for the purpose of including one additional affirmative defense: that Defendants are entitled to an "offset" or "set off" against any recovery for Plaintiff for the value of any newspapers Plaintiff received when there was a gap between consecutive invoice dates rather than an overlap.  *See id.* ¶¶ 3, 5.  Plaintiff challenged the Motion, arguing that the Defendants did not show good cause for the amendment, as required by Fed. R. Civ. P. 16(b)(4) when a party seeks to amend after the CMO deadline for amendments.  Defendants countered that the more lenient standard of Fed. R. Civ. P. 15(a)(2) should apply, but that either way they have demonstrated good cause for the amendment.

**II.    DISCUSSION**

The Federal Rules of Civil Procedure instruct district courts to "freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, Rule 15 does not alone apply to *all* proposed amendments; the Eighth Circuit has made clear that Rule 16(b) governs whenever a party seeks leave to amend after a court-ordered deadline set in a CMO.  *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008).  While Rule 15 specifically addresses amendments to pleadings, Rule 16 provides the rules related to district courts' powers with respect to scheduling.  *See* Fed. R. Civ. P. 16; *Mahnken v. Wright Med. Tech., Inc.*, No. 4:18-cv-02095-SRC, 2020 WL 255809, at *1 (E.D. Mo. Jan. 17, 2020) ("Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings."). The CMO in effect at the time Defendants filed the Motion for Leave to Amend[1] gave until February 2, 2020 to amend the pleadings, but Defendants did not file the instant Motion until July

---

[1] The Court has since entered two Amended CMOs.  *See* Docs. [81], [90].

2, 2020.  *See* Docs. [1], [71].  The good-cause standard therefore applies to Defendants' Motion.

Under Rule 16(b)'s good-cause standard, a movant must primarily show that it has been diligent in trying to comply with the scheduling order.  *Sherman*, 532 F.3d at 716–17; *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014); *Mahnken*, 2020 WL 255809, at *1.  "Where there has been 'no change in the law, no newly discovered facts, or any other changed circumstance . . . after the scheduling deadline for amending pleadings,' then [a court] may conclude that the moving party has failed to show good cause."  *Hartis v. Chi. Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).  If the moving party shows it has been diligent, courts may then weigh prejudice to the nonmoving party.  *Sherman*, 532 F.3d at 717 ("Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order."); *see also Mahnken*, 2020 WL 255809, at *2 (briefly assessing prejudice in finding good cause for amendment).  Once the party has shown good cause by showing diligence and a lack of prejudice to the nonmoving party, courts will finally look to Rule 15's liberal amendment standard before granting leave to amend.  *Mahnken*, 2020 WL 255809, at *1 ("Where a party seeks leave to amend a complaint after the deadline in the applicable [CMO] has passed, the [Rule] 16(b) good-cause standard applies first, then the 'when justice so requires' standard of Rule 15(a) applies." (citing *Sherman*, 532 F.3d at 716)).

The Court is satisfied that Defendants were diligent in seeking to add the affirmative defense of set off to their Answer.  The applicability of the defense in this case appears to turn on whether Plaintiff is successful in arguing that each invoice represents its own individual contract between a subscriber, such as Plaintiff, and the *Post-Dispatch*.  However, it is not readily apparent from Plaintiff's Amended Complaint that this is what Plaintiff was claiming.[2]  And, in any case,

---

[2] For example, Plaintiff refers to paragraphs 41–43 of his Amended Complaint, Doc. [17], to support his argument that the Complaint makes clear he contends each invoice is a distinct contract.  But the allegations contained in those

Defendants have maintained that they did not breach any contract with Plaintiff because Plaintiff was charged less for the newspapers he received *over the whole course* of his ongoing relationship with the *Post-Dispatch*. *See* Doc. [69] at 7. In short, Defendants' failure to add the defense of set off before the amendment-of-pleadings deadline was not unreasonable.

More importantly, when the Court denied the parties' cross Motions for Summary Judgment, it expressly stated that it was doing so to allow the parties "to clarify and refine their arguments after engaging in discovery." *Id.* at 11; *see also id.* at 9 ("[D]efinitively ruling on these [Motions for Summary Judgment] before discovery is not possible where some of the most basic underlying facts are vigorously disputed by the parties."). The Court further instructed the parties to file a revised joint scheduling plan (JSP) within ten days of its Order, signaling an intention to reset the case and give the parties a full opportunity to provide evidentiary support for their respective theories of the case. *See id.* The parties timely filed their JSP on June 25, 2020, in compliance with the Court's Order, and Defendants, on July 2, 2020, promptly filed their Motion for Leave to Amend their Answer to add the set off defense. Docs. [70] and [71]. Plaintiff's Summary Judgment Motion clarified his position that each invoice was an individual contract, and the Court is satisfied that its June 16, 2020 Order instructing the parties to file a revised JSP reflects a sufficient "change in circumstance" to demonstrate good cause for Defendants' request to add the affirmative defense of set off. *See Mahnken*, 2020 WL 255809, at * 1; *Hartis*, 694 F.3d at 948. Considering Defendants' prompt filing of the Motion after the Court's Order, the Court, in its discretion and in consideration of the record as a whole, finds that Defendants were diligent in seeking to make the amendment and that the amendment will not affect the efficient adjudication of this case. *See Green Plains Otter Tail, LLC v. Pro-Env't, Inc.*, No. 16-cv-370 (DWF/LIB), 2017

---

sections are just as consistent with Defendants' suggestion that the parties instead had a "single[,] ongoing subscription" rather than numerous distinct contracts represented by each individual invoice. *See* Doc. [75] at 2.

4

WL 9885436, at *8 (D. Minn. Dec. 21, 2017) (noting that the Court has "broad discretion" in determining whether a party has been diligent in the context of Rule 16(b)); *Saulsbery v. Mark Twain Water Zone, LLC*, No. 2:19-cv-00074-NCC, 2020 WL 4192458, at *2 (E.D. Mo. July 21, 2020) ("The determination as to whether to grant leave to amend is entrusted to the sound discretion of the trial court."); *Norton v. LVNC Funding, LLC*, No. 18-cv-05051-DMR, 2020 WL 2557003, at *3 (N.D. Cal. May 19, 2020) (explaining that "the heart of the Rule 16(b) analysis goes to the court's efficient adjudication of a case").

Having determined Defendants were diligent, the Court next asks whether Plaintiff will be prejudiced by the addition of the set-off defense. *See Sherman*, 532 F.3d at 717 (noting that prejudice to the nonmoving party may be relevant if the party seeking leave to amend has been diligent); *Green Plains Otter Tail, LLC*, 2017 WL 9885436, at *8 (analyzing prejudice after determining the moving party was diligent). The Court concludes he will not. Discovery remains open until April 30, 2021; discovery related to expert witnesses remains ongoing; the deadline for Plaintiff's motion for class certification is not until June 1, 2021; and the affirmative defense cannot serve to defeat Plaintiff's claims and instead will only affect the amount of his recovery, assuming his claims succeed and that Defendants sufficiently establish the elements required for the defense. *See* Doc. [90]; *see also Mahnken*, 2020 WL 255809, at *2; *Fed. Ins. Co. v. Sammons Fin. Grp., Inc.*, 320 F.R.D. 192, 198 (S.D. Iowa 2013) (noting that nonmoving party would have "ample opportunity to conduct appropriate discovery" in finding no prejudice and granting leave to amend); *cf. Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020) (denying leave to amend where "litigation was at an advanced stage and granting the motion would have required a reopening of discovery").

The Court, finding that Defendants have shown good cause for their amendment, finally

5

asks whether the amendment should be permitted under Rule 15. *Sherman*, 532 F.3d at 716 ("Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) . . . before a court will consider whether amendment was proper under Rule 15(a)." (quoting *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003))). That Rule instructs that courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Under that standard, a court will not deny leave to amend unless there is "undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party." *Mahnken*, 2020 WL 255809 (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)). As previously discussed, the Court does not believe there is any undue delay or prejudice here. Nor does the Court find that the amendment would be futile or that there is any evidence of Defendants' bad faith. The Court thus finds that justice requires it to permit the amendment.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Leave to Amend Answer by Interlineation, Doc. [71], is **GRANTED**.

Dated this 8th day of March, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE